RCH:EDP/MCM
F. #2015R01573

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CENTRAL UNITED TALMUDIC
ACADEMY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 22-CR-328 (NGG)
(T. 18, U.S.C., §§ 981(a)(1)(C),
  1349 and 3551 et seq.; T. 21, U.S.C.,
  § 853(p); T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.     The Defendant and its Employees

1.     The defendant CENTRAL UNITED TALMUDIC ACADEMY, also known as Keren Habinyan Hachudosh D'Rabeinu Yoel of Satmar BP, Bais Ruchel D'Satmar, Central UTA and CUTA ("CUTA"), is a not-for-profit organization based in the Williamsburg neighborhood of Brooklyn, New York.   CUTA's primary purpose is to operate a yeshiva (i.e., an orthodox Jewish school) that serves the Satmar Hasidic community in Williamsburg.

2.     Elozer Porges served as the Executive Director and/or Administrator of CUTA.   Porges worked at CUTA's offices located on Rutledge Avenue, Brooklyn, New York.

3.      Joel Lowy was also employed at CUTA.   Lowy worked at CUTA in an administrative capacity and his job title was variously identified in CUTA documents as "Administrative Assistant," "Assistant Director" and "Secretary."   Like Porges, Lowy worked at CUTA's offices located on Rutledge Avenue, Brooklyn, New York.

II.      The Child and Adult Care Food Program

4.      The Child Nutrition Act of 1966, consolidated and codified in Title 42, United States Code, Sections 1771 and 1751 et seq., authorizes the United States Department of Agriculture (the "USDA"), through grants to the states, to initiate, maintain and expand nonprofit food service programs for children and adults through institutions that provide social services.   The Child and Adult Care Food Program (the "CACFP") is one such program.   To this end, the CACFP provides funding to approved, qualifying institutions that provide meals and/or snacks consistent with the rules and regulations governing the program.

5.      The USDA oversees and administers the CACFP.   It fulfills its oversight function by directing individual state agencies to administer the program for CACFP-participating institutions with funds supplied by the USDA.   The New York State Department of Health (the "NYSDOH") administers the CACFP in New York State.

6.      Institutions that provide meals and/or snacks under the CACFP to children and adults in their care can contract directly with the NYSDOH to receive reimbursement funds.   Pursuant to the contract, the institution seeking reimbursement must submit to the NYSDOH various records relating to the number of meals it has served, and the NYSDOH, in turn, directly reimburses the institution for authorized expenses incurred in providing the meals.

III.    The Fraudulent Scheme

7.    In or about and between approximately October 2013 and December 2015, Porges and Lowy, acting within the scope of their employment and, in part, for the benefit of CUTA, submitted false and misleading documents to the NYSDOH in order to fraudulently obtain reimbursement funds for meals purportedly served to students attending CUTA schools operating at three separate locations: (i) 762 Wythe Avenue, Brooklyn, New York ("the Wythe School"); (ii) 25 Franklin Street, Brooklyn, New York ("the Franklin School"); and (iii) 84-88 Sandford Street, Brooklyn, New York ("the Sandford School") (collectively, the "Schools").   In fact, Porges and Lowy sought reimbursement for meals that had not been served.

8.    On or about October 31, 2013, CUTA applied to the NYSDOH to be eligible to receive reimbursement for meals served at the Schools.   These reimbursement payments were to be paid with CACFP funds.   CUTA's application indicated that meals—specifically, suppers—would be served at each of the Schools five days per week, on Monday, Tuesday, Wednesday, Thursday and Sunday.

9.    On or about December 31, 2013, the NYSDOH approved CUTA as a sponsoring organization within the CACFP for the Schools.   This approval authorized CUTA to seek reimbursement for suppers served.   CUTA and the NYSDOH entered into an agreement, effective January 1, 2014, in which CUTA agreed, among other things, to: (1) claim reimbursement only for suppers that were served to children or adults in attendance at one of the Schools; (2) maintain a financial management system that followed generally accepted accounting principles and procedures; (3) maintain complete and accurate records, including in connection with each monthly claim for reimbursement; and (4) submit monthly

claims for reimbursement in the manner required by the NYSDOH.

10. Porges and Lowy obtained authorization from Board Member #1, an individual whose identity is known to the United States Attorney, to represent CUTA in dealings with the NYSDOH and to submit reimbursement claims and other documents to the NYSDOH.

11. Porges and Lowy, together with others, mailed and caused CUTA to mail monthly claims for reimbursement to the NYSDOH in Albany, New York via the United States Postal Service ("USPS") and private commercial carriers in or about February 2014 and March 2014.

12. Specifically, on or about February 20, 2014, CUTA mailed a claim for reimbursement to the NYSDOH relating to expenses purportedly incurred in January 2014. In that claim, CUTA stated the number of days the Schools had been in operation in January 2014. The claim falsely overstated the total number of suppers that had been served at the Schools in January 2014. Porges signed the claim, certifying the accuracy of the information presented.

13. On or about March 10, 2014, CUTA mailed a claim for reimbursement to the NYSDOH relating to expenses purportedly incurred in February 2014. In that claim, CUTA stated the number of days the Schools had been in operation in February 2014. The claim falsely overstated the total number of suppers that had been served at the Schools in February 2014. Porges signed the claim, certifying the accuracy of the information presented.

14. Porges and Lowy, together with others, subsequently submitted and caused CUTA to submit its monthly claims for reimbursement electronically. In order to

submit a monthly claim electronically, CUTA's authorized representative, using a unique user name provided by the NYSDOH, was required to log into the NYSDOH Health Commerce System ("HCS"), an online "portal," via the Internet, and report the following information for the relevant month: (1) the total number of days the Schools were in operation; (2) the total attendance of students at the Schools; and (3) the number of suppers served at the Schools.

15.    Starting in or about April 2014, Porges and Lowy electronically submitted and caused CUTA to electronically submit false and misleading monthly claim reports to the NYSDOH for reimbursement, which claims fraudulently inflated the number of suppers purportedly served at each of the Schools.   All electronic monthly claims for reimbursement were submitted using a user ID associated with Lowy.   Specifically, Lowy, together with others, submitted and caused CUTA to submit false monthly reimbursement claims to the NYSDOH for the Wythe School and Franklin School through December 2015. Lowy, together with others, submitted and caused CUTA to submit false monthly reimbursement claims to the NYSDOH for the Sandford School through December 2014.

16.    As a result, in or about and between March 2014 and December 2015, Porges and Lowy caused the NYSDOH to provide reimbursement to CUTA under the CACFP for suppers that, in fact, had not been served to students attending the Schools.   The reimbursement funds were wired from a United States Treasury account located in Kansas to a New York State Division of the Treasury bank account at Key Bank in New York State. The State of New York then issued reimbursement checks from the New York State Division of the Treasury bank account.   These reimbursement checks were mailed by the USPS from Albany, New York to CUTA in Brooklyn, New York.

17.     From approximately March 2014 to February 2016, CUTA received approximately $3,000,000 in reimbursements from the NYSDOH for suppers that Porges and Lowy falsely claimed had been served to students at the Schools.

CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD

18.     In or about and between October 2013 and December 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CENTRAL UNITED TALMUDIC ACADEMY, also known as Keren Habinyan Hachudosh D'Rabeinu Yoel of Satmar BP, Bais Ruchel D'Satmar, Central UTA and CUTA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the NYSDOH and USDA, and to obtain money and property from the NYSDOH and USDA, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, (a) to place and cause to be placed in a post office and authorized depository for mail matter, and cause to be sent and delivered by the USPS and private commercial carriers, one or more matters and things, to wit: (i) CACFP program applications submitted by CUTA for the Schools, mailed from Brooklyn, New York, to the NYSDOH in Albany, New York, (ii) reimbursement requests and meal certification forms related to suppers purportedly served at the Schools under the CACFP program in January 2014 and February 2014, mailed from CUTA in Brooklyn, New York, to the NYSDOH in Albany, New York, and (iii) reimbursement checks mailed via the USPS from the New York State Division of the Treasury in Albany, New York, to CUTA in Brooklyn, New York, contrary to Title 18, United States Code, Section 1341; and (b) to transmit and cause to be transmitted, by means of wire

communications in interstate commerce, writings, signs, signals, pictures and sounds, to wit: (i) electronically submitted meal certifications and reimbursement requests via the online HCS Portal, and (ii) electronic requests by the New York State Division of the Treasury to the United States Treasury for CACFP reimbursement funds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

19.     The United States hereby gives notice to the defendant that, upon its conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any defendant convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

20.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2015R01573
FORM DBD-34
JUN. 85

No.

---

**UNITED STATES DISTRICT COURT**

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

---

THE UNITED STATES OF AMERICA
*vs.*
*CENTRAL UNITED TALMUDIC ACADEMY,*

Defendant.

---

**INFORMATION**

(T. 18, U.S.C., §§ 981(a)(1)(C), 1349 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

---

*Filed in open court this _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ day,*

*of  _ _ _ _ _ _ _ _ _ _ _ _ _   A.D. 20 _ _ _ _ _*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

_

*Clerk*

---

*Bail, $ _ _ _ _ _ _ _ _ _ _ _*

---

*Erik Paulsen, Assistant U.S. Attorney (718) 254-7000*